Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1041 | **DATE** | February 22, 2011 |
| **CASE TITLE** | Ryan J. Barnes (R-44872) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is given 30 days from the date of this order either to file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) and an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. Plaintiff's motion to remedy one or more of his conditions of confinement [5] and motion to allow individual permission to inspect prison and speak with inmates [6] are denied.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, a prisoner at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Clerk has accepted the complaint for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, but Plaintiff has neither paid the filing fee nor filed a petition for leave to file *in forma pauperis*. Plaintiff did submit a letter in which he states that he submitted his "financial papers" to the Trust Fund Office but is not aware if they were processed. The Court has not received any such materials from Stateville. The court therefore directs Plaintiff to resubmit his request to the Trust Fund Officer and submit a petition for leave to file *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee. For an inmate whose funds are insufficient to pay the fee immediately, the court will assess an initial partial filing fee in an amount that is 20% of the greater of:

(A) the average monthly deposits in the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

The court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid. If Plaintiff wishes to proceed with this case *in forma pauperis*, he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period. 28 U.S.C. § 1915(a)(2).

The PLRA, 28 U.S.C. § 1915A, requires the court to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Plaintiff in this case alleges that from July 5, 2010 to the present, his statutory and constitutional rights have been violated in a "laundry list" of ways, including negligence on the part of administrators and correctional officers, excessive force used by officers, unreasonable cell searches, damage to personal property, inappropriate supervision by female officers, administrative "slothfulness" in responding to grievances and complaints, unjustified infliction of bodily harm, staffing problems, and [unexplained] improprieties

|**STATEMENT**|
|---|

relating to medical and mental services and disciplinary procedures. No specific allegations are included, however, Instead, as one of the multiple exhibits attached to his complaint, Plaintiff has attached a document entitled "COMPLAINT" in which re-alleges that the Defendants are violating his statutory and constitutional rights and lists multiple "claims" including: allegations of discrimination on basis of race, harassment, intentional infliction of emotional distress, negligent supervision, statutory negligence, RICO violations, civil rights act violations, etc. Here, too, however, Plaintiff offers no specific factual allegations. As Defendants, Plaintiff has named only Stateville Warden Marcus Hardy and Gladyse Taylor, the Acting Director of the Illinois Department of Corrections, as Defendants.

Federal Rule of Civil Procedure 8(a)(2) requires"a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Plaintiff fails to include <u>any</u> such allegations–the court is left to guess what specific conduct violated Plaintiff's rights, when the alleged conduct took place and who was involved. Plaintiff's exhausting list of his complaints/issues/claims, provides no notice of his claim(s) against any individual sufficient to enable that individual to respond. Morever, as best the court can determine, the complaint as currently drafted improperly includes unrelated claims. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), examining a prisoner complaint containing a laundry list of grievances, the Court of Appeals held that unrelated claims involving unrelated defendants must be brought in separate suits. *George*, 507 F.3d at 606-07.

For the foregoing reasons, the complaint on file is dismissed without prejudice. Plaintiff has leave to file an amended complaint within thirty days. Plaintiff is directed to write the case number and the judge's name on any amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint. Accordingly, all of his allegations must be set forth in the amended complaint, and any exhibit Plaintiff wants the court to consider its threshold review must be attached to the amended complaint and to each copy of it. .

Plaintiff also filed a motion asking the court to remedy his conditions of confinement and improve his statutory and constitutional rights and a motion to allow a specific attorney to inspect the prison and to speak with in Plaintiff and other inmates. Those motions are denied without prejudice. If Plaintiff is successful in proving his claims in this case, the court will order appropriate relief. A request for a remedy at this stage is premature.